GURN WHITE et al., Appellants, v. CHARLES S. HOPKINS, Respondent. — Judgment reversed on the law and facts, with costs, and matter remitted to the Special Term for further proceedings in accordance with the memorandum. Certain findings of fact disapproved and reversed and new finding of fact made. Memorandum: Plaintiffs seek specific performance of a written agreement by the terms of which the plaintiffs agreed to purchase and the defendant to sell certain premises described in the agreement, or in the alternative in the event the defendant cannot furnish marketable title, for damages for breach of contract. Upon the trial the Supreme Court, Special Term, Chautauqua County, dismissed plaintiffs' complaint and awarded specific performance to defendant upon his counterclaim, holding that the defendant had marketable title. Upon the record before us we find that the defendant cannot convey marketable title; that the judgment entered upon the decision of the Special Term should be reversed and that the matter be remitted to the Chautauqua County Special Term to determine and fix the damages, if any, sustained by plaintiffs, arising out of defendant's breach of contract to convey marketable title. All concur. (Appeal from a judgment dismissing plaintiffs' complaint and directing that plaintiffs specifically perform the contract to purchase certain realty.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MYRON DURLING, Appellant. — Judgment of conviction affirmed. All concur. (Appeal from a judgment convicting defendant of the crime of manslaughter, first degree.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

■

LILLIAN ARMSTRONG, as Administratrix of the Estate of ROY ARMSTRONG, Deceased, Appellant, v. ROY C. SWIFT, Respondent. — Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict of the jury is against the weight of evidence. All concur, except Taylor, P. J., and Wheeler, J., who dissent and vote for affirmance. (Appeal from a judgment for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *post,* p. 891.]